**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CITIZENS BANK,

                                                          CASE NUMBER:  08-14656

                         Plaintiff,

                                                          HON. MARIANNE O. BATTANI

v.

HOWARD L. PARNES,

                         Defendant.

_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR**
**LEAVE TO CERTIFY AND REGISTER DEFAULT JUDGMENT**

        Before the Court is Plaintiff's Motion for Leave to Certify and Register Default

Judgment pursuant to 28 U.S.C. § 1963 (Doc. No. 26).  The Court has reviewed the

pleadings and finds oral argument will not aid in the resolution of this motion.  See E. D.

Mich. LR 7.1(e)(1).  For the ensuing reasons, Plaintiff's Motion is **GRANTED**.

**I.      INTRODUCTION**

        On November 4, 2008, Plaintiff Citizens Bank ("Citizens") commenced this action

against Defendant Harold Parnes to enforce a personal guaranty.  Defendant executed

the guaranty as security for a loan made by Plaintiff's predecessor in interest, Republic

Bank, to Coolidge-Cedar Park Equities, LLC ("Cedar Park").  Parnes owns

approximately a twenty-five percent interest in Cedar Park (Pl. Br. in Reply at 2).

Defendant obtained the loan to aid in financing the purchase of Cedar Park Shopping

Center in Holt, Michigan (Compl. 1 at 2).  He personally guaranteed fifty percent of the

principal sum of 4,700,000.00 dollars, which came due after Parnes failed to pay Plaintiff the outstanding balance upon maturity of the loan (Id. at 2-3).

Citizens filed a Request for Clerk's Entry of Default on December 19, 2008, pursuant to Federal Rule of Civil Procedure 55(a) for Parnes' failure to plead or otherwise defend (Doc. No. 7).  On the same day, the Clerk entered a Default (Doc. No. 8).  On December 24, 2008, Citizens submitted a Request for Clerk's Entry of Judgment by Default, demonstrating the amount owed by Parnes in accordance with Rule 55(b)(1) (Doc. No. 9).  On December 30, 2008, the Clerk entered a Judgment by Default against Defendant in the amount of $2,221,448.62, plus prejudgment interest until the entry of judgment, together with costs and post judgment interest pursuant to 28 U.S.C. § 1961, as amended (Doc. No. 11).

On January 14, 2009, Parnes filed a Motion to Vacate Clerk's Entry of Default Judgment (Doc. No. 12).  On February 23, 2009, the Court heard oral argument on Defendant's Motion, and at the conclusion denied the Motion (Doc. No. 20).

Parnes filed a timely Notice of Appeal to the United States Court of Appeals for the Sixth Circuit on March 9, 2009 (Doc. No. 21).  He did not post a supersedeas bond pursuant to Rule 62(d) to stay enforcement of the default judgment pending appeal.

On May 13, 2009, Plaintiff filed a Motion for Leave to Certify and Register Default Judgment and for Expedited Consideration (Doc. No. 26).  According to its motion, Citizens seeks to register the default judgment in other districts, including the Southern District of New York, pursuant to 28 U.S.C. § 1963 (Id.).  Parnes resides in

Westchester, New York, and does not own property in the State of Michigan (Mot. to Vacate at 7).

## II.   STANDARD OF REVIEW

According to Federal Rule of Civil Procedure 62(a), a judgment becomes enforceable ten days after the judgment is entered.  "At that time, a prevailing plaintiff is entitled to execute upon a judgment."  Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc., 259 F.3d 1186, 1197 (9th Cir. 2001).  A judgment for money or property, once final, may be registered in any district outside of that which rendered the judgment.  28 U.S.C. § 1963 (2001).  However, when a judgment is pending appeal, "the judgment is only enforceable in the district in which it was rendered, unless the judgment is 'registered' in another district by court order."  Columbia, 259 F.3d at 1197 (citing 28 U.S.C. § 1963).  Section 1963, as amended in 1988, stipulates that registration of a judgment on appeal may only be ordered for good cause:

> A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other district or, with respect to the Court of International Trade, in any judicial district, when the judgment has become final by appeal or expiration of the time for appeal **or when ordered by the court that entered the judgment for good cause shown**. Such a judgment entered in favor of the United States may be so registered any time after judgment is entered. A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

28 U.S.C. § 1963 (West Supp. 1996) (emphasis added).

Although Section 1963 does not define "good cause," "the courts that have found good cause have generally based their decisions on an absence of assets in the

judgment forum, coupled with the presence of substantial assets in the registration forum." Dyll v. Adams, 1998 WL 60541 at 1 (N.D.Tex. 1998); accord, Chicago Downs Ass'n, Inc. v. Chase, F.2d 366, 372 (7th Cir. 1991) (holding a mere showing of an absence of assets in the deciding district along with the presence of substantial assets in foreign districts represents good cause for purposes of 28 U.S.C. § 1963); Becherer v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 809 F. Supp. 1259, 1275 (E.D. Mich. 1992), aff'd in part, vacated in part, rev'd in part, 43 F.3d 1054 (6th Cir. 1995) ("A showing that a defendant has property in another district and insufficient property in the district rendering the judgment to satisfy the judgment is sufficient reason for permitting the registration of the judgment in other districts").  Furthermore, the commentary to Section 1963 explains:

> "Good cause" here would of course include a showing that the defendant plans to remove property from the other district, but that may require more evidence than it is fair to exact of a plaintiff (judgment creditor) who has, after all, already prevailed at trial level on the merits of his claim. The court should have leeway under this new provision to permit the registration on a lesser showing--a mere showing, for example, that the defendant has substantial property in the other district and insufficient in the rendering district to satisfy the judgment.

28 U.S.C. § 1963 (West Supp. 1996).

## III.   ANALYSIS

As Parnes has not filed a supersedeas bond to stay enforcement of the judgment pending appeal, registration is possible upon a showing of good cause. 28 U.S.C. § 1963.  Citizens claims it has good cause for registration of the judgment in other districts pending appeal:  Defendant's lack of assets in

4

Michigan; and, a fear that Defendant will transfer or conceal assets necessary to satisfy the judgment as sufficient cause (Pl.'s Br. at 3-4).

### A.    Assets

Plaintiff has established that Parnes does not personally own any assets in the State of Michigan and has no personal ownership in the Cedar Park Shopping Center (Aff. of Wallace M. Handler).  Further, Defendant concedes his residence in the State of New York and ownership of substantial assets in the Southern District of New York (Def.'s Mot. to Vacate at 7-8; Def.'s Br. in Resp. at 6).

According to the case law applying 28 U.S.C. § 1963, good cause may be found on a mere showing of insufficient assets in the deciding district to satisfy a judgment, coupled with the presence of substantial assets in other districts. Columbia, 259 F.3d at 1197-98; see also 28 U.S.C.A. § 1963 commentary (West Supp. 1996).  But compare Bingham v. Zolt, 823 F. Supp. 1126, 1136 (S.D.N.Y. 1993) (stating that there is no case law demonstrating "an automatic presumption of 'good cause' is established by the fact that a defendant has a different residence than that of the rendering district").

This Court finds persuasive the facts and holding of Chicago Downs Ass'n, Inc. v. Chase.  F.2d 366, 372 (7th Cir. 1991).  Just as in the present case, the plaintiff in Chicago Downs filed a motion to register the judgment pursuant to Section 1963 while the appeal was pending, and the defendant declined posting a supersedeas bond.  Id. at 372.  Further, the plaintiff established that the

defendant owned no property in the deciding district, but owned property in other districts.  Id.  The plaintiff also feared the transfer or concealment of assets by the defendant that could otherwise be used to satisfy the judgment.  Registration of the judgment elsewhere would hinder this possibility.  Id.  The Seventh Circuit held that the district court did not abuse its discretion in ruling that, in absence of a supersedeas bond, the plaintiff presented sufficient cause for registration of the judgment in other districts.  Id. at 372.

### B.    Potential Transfer or Concealment of Assets

Parnes argues that a crucial factor in determining good cause is the danger that a defendant will transfer or conceal assets to satisfy a judgment. (Def.'s Br. at 6).  Parnes asserts that no evidence of such danger exists in the present case.  (Id.).  However, Defendant's contention is contrary to the case law applying Section 1963.  Good cause neither requires the fear of transfer or concealment of assets, nor any evidence of such.  See Associated Bus. Tel. Sys. Corp. v. Greater Capital Corp., 128 F.R.D. 63, 68 (D.N.J. 1989).  Defendant's argument relies solely on Chicago Downs, yet the Seventh Circuit makes no mention of evidence proffered by the plaintiff to substantiate its fear of the transfer or concealment of assets.  944 F.2d at 371-372.  Instead, this apprehension is merely listed as one of the plaintiff's motives for seeking registration of the judgment in foreign districts.  Id.  Moreover, the court in Associated Bus. Tel. Sys. states that "the plaintiff need not show exact evidence of removal (of assets) from another district.  Rather, the court has 'leeway' and

6

can grant the registration upon a 'lesser showing.'"  128 F.R.D. at 68 (citing 28

U.S.C.A. § 1963 commentary (West Supp. 1989)).  In addition, "the distinct

possibility of plaintiff being faced with an unsatisfied judgment is sufficient 'good

cause'" to order registration of a judgment.  Id. at 66-67.

Citizens has established good cause for registration of the default

judgment against Parnes in a district containing sufficient assets.  Parnes does

not dispute his lack of assets in Michigan or the presence of substantial assets in

the Southern District of New York.  Furthermore, a review of the merits of the

case clearly demonstrates Defendant's indebtedness to Plaintiff based upon the

personal guaranty, as well as Defendant's efforts to avoid payment of the debt

(Tr. of Oral Arguments at 27-30).  Cedar Park, in which Parnes owns interest,

defaulted on the loan, Parnes and Cedar Park executed and subsequently

breached a forbearance agreement with Citizens, and Parnes failed to answer

Citizens' complaint in the time prescribed by the rules of procedure (Id.).  For

these reasons, Plaintiff is entitled to register the default judgment in the Southern

District of New York.

## IV.    CONCLUSION

Accordingly, Plaintiff's Motion for Leave to Certify and Register Default

Judgment is **GRANTED**.

7

**IT IS SO ORDERED.**


s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT COURT JUDGE


DATED: July 9, 2009


### CERTIFICATE OF SERVICE

Copies of this Order were mailed to counsel of record on this date by

ordinary mail and/or electronic filing.

s/Bernadette M. Thebolt
Case Manager

8